# WILLIAM J. BYAM, APPELLANT, *v.* JENNIE E. COLLINS AND ALFRED H. COLLINS, RESPONDENTS.

*Libel — privileged communication — the fact that the communication is founded on motives of friendship and love does not make it such — it may be such when made in response to a request — what evidence may be admitted to disprove malice, when charged — effect of the general character of the party.*

This action was brought to recover damages for the publication by the defendant Jennie E. Collins, of libelous matter and slanderous words concerning the plaintiff, who was then paying his addresses to Dora McNaughton. The defendant wrote and delivered to Dora McNaughton, who had been for many years her intimate friend and associate, a letter in which she referred to the love and friendship which had existed between them, and used words warning her of unpleasant consequences if she continued the company of or married the plaintiff, whose name however was not mentioned.

*Held,* that the friendship and love existing between the parties, and their long continued social and friendly relations, did not of themselves render the communication a privileged one unless the evidence was such as would justify the jury in finding that the letter was written in consequence of and in response to the request or solicitation of Dora McNaughton.

That the evidence was sufficient to justify the finding of the jury that the communication was made pursuant to the previous request and solicitation of Dora McNaughton, and in good faith and without malice.

That in determining whether the letter was in fact responsive to such request the jury should consider the time which had elapsed since such request, if any, was made, and any change in the habits of intimacy and social relations existing between the parties.

That as the imputations contained in the letter were general and did not import any defined or specific charges, the defendant was not confined to the proof of any definite act or thing concerning the plaintiff, but was at liberty to prove what information had come to her bearing upon his character and habits which would tend to support good faith and honesty of purpose on her part.

That as the libelous charge was one reflecting upon the character of the plaintiff generally, and as some evidence was given which tended to show that his character and reputation were bad, the court properly refused to charge that the defendant had failed to maintain the plea of justification.

APPEAL from a judgment in favor of the defendants, entered on a verdict rendered at the Livingston Circuit, and from an order denying a motion for a new trial made on a case and exceptions.

The action was brought for the alleged publication of libelous matter and slanderous words by the defendant Jennie E. Collins who became the wife of the defendant Alfred H. Collins, in 1875. She and

Dora McNaughton had for ten years or more resided in the town of Caledonia, county of Livingston, and been intimate associates and friends.

The plaintiff was a lawyer, and became a resident of the town in 1878. Early in the spring of 1879 he was paying his addresses to Miss McNaughton, and their apparent relations were such as to indicate contemplated matrimony. In April of that year the defendant Jennie wrote and sent to her friend Dora a letter containing the alleged libelous matter. In this letter she refers to the love she has had for her and the friendship which has existed between them, and proceeds to use words warning her of unpleasant consequences if she continues the company of or marries the man referred to, whose name is not mentioned in the letter, but the evidence makes it evident that the plaintiff was the person in view. The imputations in the letter are general, and import the charge that his character is such that to become his wife would be her humiliation and degradation.

On the receipt of the letter by Miss McNaughton she handed it to the plaintiff. And at interviews sought and had with the defendant Jennie, following and in consequence of that letter, some of the words alleged to be slanderous were spoken by her. The defendant's answer alleges that the communication by the letter was privileged, and sets up matters as justification and in mitigation.

The defendants had a verdict. The plaintiff's motion for a new trial was denied and judgment was entered on the verdict.

*A. J. Abbott,* for the appellant.

*James Wood,* for the respondents.

BRADLEY, J.:

The letter of the defendant Jennie E. Collins to Dora McNaughton contained imputations which the evidence shows were intended to relate to the plaintiff, and the extrinsic facts tended to direct attention to him as the person to whom they were designed to apply. The letter was libelous, and its publication presumptively charged the defendants with liability to him, from which, and the consequences, they had the burden of relieving themselves by evidence in support of some legal excuse for the act.

The substantial and important question is whether the conclusion was justified that the letter was a privileged communication. It imports the friendship and love of the writer. They alone are not sufficient in a case of that character to furnish immunity and protection against the consequences of the libelous publication. And if the defense in that respect depended wholly upon the fact of a long continued, intimately social and friendly relation between them, there would be difficulty in treating the communication as privileged in any view which might be taken of the motive of the defendant. There are relations which legitimately invite and justify communications, giving information, warning, advice and instruction relating to and affecting others, and, when made in good faith, are privileged, although otherwise they would charge the authors with liability. That is so when the writer has a peculiar interest in the person to whom the information is thus given in respect to something fairly within a purpose justified by such relation. This right is afforded by the ties of consanguinity or kindred, and may arise out of other and various relations of interest, or which suggest duty to furnish information in respect to the conduct and character of another. (*Todd* v. *Hawkins*, 8 Carr. & P., 88; *Blackham* v. *Pugh*, 2 Mann, G. & S., 611; *Bennett* v. *Deacon*, Id., 628; *Toogood* v. *Spyring*, 1 Cromp., M. & R., 181; *Amann* v. *Damm*, 8 C. B. [N. S.], 597; *Atwill* v. *Mackintosh*, 120 Mass., 177; *Fowles* v. *Bowen*, 30 N. Y., 20; *Klinck* v. *Colby*, 46 N. Y., 427, 433.)

The circumstances which render a communication privileged, are those that repel the legal inference of malice. When that character is given to it the burden is upon the party charging the libel to show malice. (*Decker* v. *Gaylord*, 35 Hun, 584.) But a publication is not privileged merely because it came from a laudable motive of its author and was conceived and published in good faith. The circumstances which repel the legal inference of malice are not founded in the caprice of the person from whom the communication emanates, but are recognized by reasons which have in view the protection of public rights and private interests (when relations are such as to permit), and society on the one hand and the character of individuals on the other. And while social relations merely may not justify volunteer publication of libelous matter by way of communication, a right may be derived from request when the alleged libelous

matter is properly confined to the subject of inquiry. And when that is done *bona fide*, it is deemed done in discharge of a moral or social duty and privileged. (*Pattison* v. *Jones*, 8 Barn. & C., 578; *Storey* v. *Challands*, 8 Carr. & P., 234; *Knowles* v. *Peck*, 42 Conn., 386; S. C., 19 Am. R., 542; *Lewis* v. *Chapman*, 16. N.Y., 369, 374; *Washburn* v. *Cooke*, 3 Denio, 110; *Sunderlin* v. *Bradstreet*, 46 N. Y., 192.)

These propositions do not embrace the communication in question within those privileged, unless the defense is aided by some request on the part of the person to whom it was addressed to make it. The defendant had no relation other than social to her, nor had she any recognized interest in her welfare. Our attention is called to no authority or well authenticated rule which permits such relations to justify or support a defamatory communication as privileged, and we are not prepared to announce that such a rule would be a salutary one, nor to hold that a confidential relation (merely social) in any degree would raise an implied request to so communicate. Such a rule would rest in too much uncertainty in its application and might lead to capricious results. In *Joannes* v. *Bennett*, (5 Allen, 169), a letter was written to a woman. It contained libelous matter concerning her suitor. And it was written by her friend and former pastor by request of her parents and with good motives. The court held that it was not privileged because he was not connected with her by any ties of kindred, and it did not appear that he had any peculiar interest in her welfare. He was treated as a volunteer as to her in making the communication. And in *Krebs* v. *Oliver* (12 Gray, 239) the same was held, and the court said that "a mere friendly acquaintance or regard does not impose a duty of communicating charges of a defamatory character concerning a third person, although they may be told to one who has a strong interest in knowing them." The defense is not aided by the authority of *Todd* v. *Hawkins* (*supra*). There the letter was written by the son-in-law of the widow to whom it was addressed; and the privilege was supported by the relation of kindred and the interest in her welfare which it afforded him.

The inquiry arises in the case at bar whether there was any request or solicitation from Miss McNaughton to the defendant which permitted the latter to write the letter in response to it, and whether she was thus justified in making the communication. If the evidence

warranted such conclusion, and the letter was sent in consequence of such request in entire good faith and without malice, it may come within the meaning of a privileged communication. The matter of association with young men is usually one of much importance on the part of young women. And it is due to them when they request information from a friend concerning the character of their male associates that they be in good faith informed. And such communication is deemed and in such case should be treated as confidential between them. The same rule applies, but with no greater reason, to inquiry made about the character of a person applying to another to become his tenant, about a doctor or a lawyer whose employment the inquirer has in view; about a tradesman with whom he contemplates dealing, and about the credit of a person which he has an interest in knowing. If the information is given in good faith the communication is privileged. (See cases before cited; *Ormsby* v. *Douglass*, 37 N. Y., 477; *Sunderlin* v. *Bradstreet*, 46 N. Y., 191, 192.)

But the response must be pertinent to the inquiry and anything not legitimately within it may be deemed volunteered and not protected by the solicitation. And it must not be understood that a privilege to make a communication reflecting upon the character of another arises out of inquiry in all cases. It is confined to those cases in which the circumstances are such as to import duty for the benefit of the party interested in asking for and receiving the information. (*York* v. *Johnson*, 116 Mass., 482.) And on the other hand there may be cases when communications may be privileged depending neither on relation or inquiry. Life and property may be deemed in such imminent peril as to justify information to the party concerned, although it involved defamatory charges against another. This is the ground, if any, on which the result of *Coxhead* v. *Richards* (2 Mann., G. & S., 569) can be supported. There the mate of a ship sent a letter to the defendant — a stranger to the owner of the vessel — charging the captain with drunkenness, etc. The defendant volunteered to exhibit the letter to the owner, who dismissed the captain, and the latter brought the action for libel. A verdict for the defendant was founded on the defense of privilege. The court on review was equally divided. And the verdict was sustained by reason of such division. The question

was discussed by opinions of four judges, and the principles upon which the privilege of private communications defamatory to others rest were quite fully considered.

The defendant, Mrs. Collins, testified to the effect that Miss McNaughton had repeatedly requested her to tell her anything she knew about any young man she went with, or in respect to any young man in the place, because her father did not go out much and she had no means of knowing, and she (defendant) had a brother and would be more apt to hear; "and she wished me to tell her what I knew." Dora (Mrs. Byam), by her testimony, denies making any such request. The trial court in charging the jury upon the proposition whether the letter was a privileged communication, refers to that testimony so given by them, and then says : " I charge you that if in the first place the relation of these persons was of such an intimate character as to warrant Mrs. Collins in warning Miss McNaughton against a person whom she had reason to believe was not a fit person, and if Mrs. Collins acted fairly in good faith conscientiously, although mistakenly, there can be no recovery against her upon that cause of action." The plaintiffs' counsel " excepted to the submission in the court's charge to the jury of the fact whether the libel contained in the letter was a privileged communication." It will be observed that if the charges of the court may be so construed as not to make the privilege of the communication depend upon any inquiry or solicitation of the person to whom it was addressed, that question is not raised by the exception referred to. And if there was evidence sufficient to support a finding that it was privileged, the exception is not well taken. The contention on the part of the plaintiff presented by it, that upon the whole evidence the court was not justified in submitting that question to the consideration of the jury. And there is no exception appearing in the record requiring any other or further consideration of the charge of the court in that particular respect.

We think the evidence was sufficient to justify the finding of the jury that the communication was made pursuant to previous request and solicitation of Miss McNaughton, and that it was made in good faith and without malice.

This proposition involved several questions of fact for the determination of the jury, amongst which was that whether any such request was made for information, and in view of the relation

between those young women, the time which had elapsed between such request (if found) and the letter, and in view of any change in their habits of intimacy and relations, social and confidential, whether the communication was fairly traceable and responsive to or in consequence of such request.   These were all matters, for the jury upon the evidence, as was also the further question of fact whether it was made in good faith and without any malice on the part of the defendant.   The learned counsel for the plaintiff contends that the question of privilege is one of law, and the court erred in submitting that question to the jury.   It is true that whether a given state of facts render a communication privileged is one of law, but the facts upon which the privilege depends may be for the jury.   That was so in this case.   The letter itself did not purport to be a privileged one, and the relation between the parties to it was not such as to *prima facie* make it such.   And the elements required to give to it that character were wholly existing in facts which were for the jury.   And it was in this view and to show good faith and the absence of malice on the part of the defendant that she was permitted to testify to many things she had heard concerning the plaintiff, to the reception of which evidence exceptions were taken.   And it is for that purpose and reason that evidence was admissible and properly received.   The imputations in the letter against the plaintiff were general, and did not import any defined or specific charges.   The question of malice of the defendant was one of fact.   The evidence on her part as to what she had heard was not, therefore, confined to any definite act or thing concerning the plaintiff, but she was at liberty to prove what information had come to her bearing upon his character and habits, which tended to support good faith and honesty of purpose on her part. What she had heard was competent for that purpose.   (*Atwill* v. *Mackintosh*, 120 Mass., 177.)

We think there was no error in the reception of evidence of that character.   And, therefore, it is not important whether or not such evidence was admissible in justification or mitigation of the charges contained in the alleged libelous publication.

It follows that there was no error in the refusal of the court to charge that the communication was not privileged, and that the only question for the jury, in respect to that cause of action, was

one of damages. The complaint charges that the female defendant on two occasions after the letter was written spoke and published slanderous words of and concerning the plaintiff, and evidence was given on that subject which tended to prove that she said some things which were imputations against the professional character and habits of the plaintiff as a lawyer. The court properly charged the jury in that respect. The evidence on the part of the plaintiff tended to prove that she also at those interviews made statements concerning him not slanderous *per se*, in respect to which and to the liability which might arise out of them on evidence of special damages sustained by him in consequence the court fully charged the jury. The evidence justified the refusal of the court to charge them that upon the whole case the plaintiff was entitled to recover. The plaintiff's counsel requested and the court declined to charge "that the defendants have failed to maintain the plea of justification of the slanderous words proved to have been spoken and the libel proved to have been published," and exception was taken. The defendant had set up various matters in justification of the alleged libel, amongst which was the allegation that the plaintiff's character was bad. The libelous charge was one reflecting upon his character generally. It charged him with no particular misconduct. There was some evidence given tending to prove that his character and reputation were bad. It is not a question of the amount of evidence. It meets the exception if it was sufficient to present the question for the jury. The imputation in the letter goes to his general character, and the court properly declined to charge as so requested. The request to charge "that the mere belief in the truth of the charge, however honestly entertained, will not constitute a justification, was followed by the statement of the court, "I so charge, but the reasonable grounds of belief make a different affair of it," and the plaintiff's counsel excepted. In adding what follows, the adoption of the proposition requested, the court evidently had in view the question of privilege in respect to the letter upon which the "reasonable grounds of belief" might be pertinently applicable, and in that view there was no error in the qualification. And the same was the apparent purpose of the qualification added to the response to the request to charge " that it is no justification that the defendant heard and believed a rumor that the plaintiff was guilty of the

charge," to which the court said : " I charge that if they find any inde-pendent slanders here, but not in respect to the letter if the jury shall find it to be a priviledged communication." And exception was taken.

The court gives the plaintiff the benefit of the proposition pre-sented by the request, except that in the event the jury find the letter privileged, then, and to aid that conclusion, they were not required to exclude from their consideration the defendant's belief of what she had heard. The benefit of doubtful interpretation will not be taken in support of error. It is well settled that nothing short of the truth of a libelous or slanderous charge made can be set up and made available by way of justification. But this proposi-tion has reference to the imputation as and in the form it is made by the publication. If the charge goes to general character it is met by proof of the fact of reputation or character. That is the nature of that contained in the letter. And the fact rests in rumor, not in specific things which are heard (that would not be competent for such purposes), but in the general fact which is derived from rumors and becomes the opinion or sentiment of the community as understood by witnesses called to express their understanding in that respect. It does not appear that the court refused to charge that nothing less than the truth of the charges, as made against the plain-tiff, would constitute a justification as such. There does not, there-fore, seem to be any basis to support the contention to that effect.

We have given consideration to all of the many exceptions taken upon the trial, and think the conclusion is required that the plaintiff was not prejudiced by any error in the rulings of the court. None of them, not before particularly mentioned, present any important question requiring the expression of special consideration. The conclusion in respect to the main charge, founded upon the written communication, was evidently reached by the jury without necessarily supporting the imputations against the plaintiff contained in it. And the evidence in respect to the charges alleged to have been orally made, did not necessarily require the conclusion of liability of the defendants. No occasion appears for disturbing the verdict.

The judgment and order should be affirmed.

SMITH, P. J., BARKER and HAIGHT, JJ., concurred.

Judgment and order affirmed.